## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY ALLAN KING, SR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Cause No.** |
| ) | **Division No.** |
| **U.S. COLD STORAGE, INC.** ) | |
| **Serve Registered Agent** ) | |
| **COGENCY GLOBAL INC** ) | |
| **600 S. 2ⁿᵈ STREET #404** ) | |
| **SPRINGFIELD, MO 62704** ) | |
| ) | |
| **And** ) | |
| ) | |
| **SAVER GROUP, INC.** ) | |
| **Serve Registered Agent** ) | |
| **LARRY D NOE** ) | **JURY TRIAL DEMANDED** |
| **95 LONDON DRIVE** ) | |
| **CAMPBELLSVILLE KY 42718** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, Ricky Allan King, Sr., by and through his attorneys Layton & Southard, LLC and The Sumner Law Group, LLC, and allege for his cause of action against Defendants as follows:

## NATURE OF COMPLAINT

1.      Plaintiff brings this lawsuit to hold Defendants responsible for the injuries he sustained as a result of their negligence.

## THE PARTIES

2.      That Plaintiff, Ricky Allan King, Sr., is an individual citizen and resident of the State of Missouri.

3.      That Defendant United States Cold Storage, Inc., is a United States corporation in good standing with its principal place of business in Camden, New Jersey.

4.      That Defendant United States Cold Storage, Inc., (hereinafter "U.S. Cold Storage") conducts business in the State of Illinois and maintains a business at 601 Twin Rail Drive Minooka, Illinois 60447, as well as other locations.

5.      That Defendant Savers Group, Inc. ("Savers Group") is a United States corporation in good standing with its principal place of business in Campbellsville, Kentucky.

6.      That Defendant Savers Group owns a property located at 755 Ecton Road, in Winchester, Kentucky where a Save-A-Lot warehouse is operated.

## JURISDICTION AND VENUE

7.      That this Court has jurisdiction over all parties under 28 U.S.C. § 1332 by reason of federal diversity jurisdiction and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

8.      Venue is proper in this district because a substantial part of the events giving rise to this claim occurred in this district. Venue is also proper in this district because Defendants are licensed to do business and are doing business in this district; Defendants have conducted substantial, continuous and systematic commercial activities in this district.

## FACTS

9.      That on or about February 21, 2018 Plaintiff Ricky King was employed by Marquardt-Skyway Transportation, Inc., a commercial transportation and delivery company.

10.     That on February 21, 2018 Plaintiff was scheduled to make a delivery on behalf of Defendants.

11.     Plaintiff traveled to Defendant U.S. Cold Storage location in Minooka, Illinois and picked up a trailer that was loaded by Defendant U.S. Cold Storage.

12.     Plaintiff then traveled to U.S. Cold Storage location in Lebanon, Indiana where U.S. Cold Storage continued to load the same trailer carried by Plaintiff.

13.     That Defendant U.S. Cold Storage, Inc., by and through its employees, agents and contractors, loaded and prepared the trailer that Plaintiff was scheduled to deliver and closed and sealed the trailer for transport.

14.     That Defendant U.S. Cold Storage, Inc. loaded and prepared the trailer with pallets of merchandise and 50 pound boxes of frozen food products stacked on wooden pallets.

15.     Plaintiff transported the trailer on behalf of Defendant U.S. Cold Storage and Defendant Saver Group, Inc. to a warehouse in Winchester, Kentucky.

16.     Upon arrival to Defendant Saver Group's warehouse in Kentucky, Plaintiff cut the security seal on the trailer doors and opened the doors of the trailer.

17.     Upon opening the doors of the trailer, Plaintiff was hit in the head by boxes and knocked to the ground.

18.     The 50 pound boxes of frozen food hit Plaintiff in the face causing injuries to his head, mouth, jaw, teeth, cervical spine, and lumbar spine.

19.     As a direct and proximate result of the boxes striking Plaintiff in the head, Plaintiff underwent necessary medical care and incurred medical expenses in excess of $75,000 and will incur future medical expenses as a result of the injuries he sustained.

20.     That the injuries Plaintiff suffered from the force of the 50 pound boxes of frozen food products falling onto him are severe, permanent, debilitating and disabling.

21.     That as a result of the injuries he sustained from the force of the 50 pound boxes of frozen food products falling onto him, Plaintiff has been caused to suffer lost wages in excess of $25,000.00 to the time of the filing of this Complaint and a severely diminished earning capacity.

22.     That as a result of the 50 pound boxes of frozen food products falling on to him, Plaintiff has suffered harms and damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT I – NEGLIGENCE AGAINST U.S. COLD STORAGE, INC.

COMES NOW Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length and further states:

23.     That Defendant US Cold Storage, Inc. owed Plaintiff a duty of care to safely and securely load the merchandise into the trailer that Plaintiff was scheduled to deliver on Defendant's behalf.

24.     That Defendant US Cold Storage, Inc. breached its duty and was negligent in that it:

      a.  negligently loaded and prepared the trailer in a dangerous and unsafe manner;

      b.  negligently loaded and prepared the trailer in a manner that caused 50 pound boxes of frozen food product to fall and strike the face, head and body of Plaintiff.

25.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe, permanent, and disabling injuries.

26.     As a direct and proximate result of Defendant's negligence, Plaintiff was forced to undergo necessary medical treatment and incur medical expenses in excess of $75,000 and will undergo future medical treatment and incur future medical expenses related to the injuries he suffered.

27.     As a direct and proximate result of Defendant's negligence, Plaintiff was forced to miss time from work, suffer lost wages, and his injuries have diminished his future earning capacity.

28.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered non-economic damages as well.

WHEREFORE, Plaintiff prays judgment against Defendants in a sum in excess of One Hundred Thousand Dollars ($100,000.00) as is fair and reasonable to compensate Plaintiff for injuries, along with court costs incurred in this action, all prejudgment interest and post-judgment interest allowed by law, punitive and exemplar damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE AGAINST SAVER GROUP, INC.

COMES NOW Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length and further states:

29.     That Defendant Savers Group, as owner of the property in Winchester, Kentucky, owed Plaintiff a duty of care to maintain the premises in a reasonably safe condition.

30.     That Defendant Saver Group owed Plaintiff a duty of care to ensure that there was adequate lighting at the Winchester, Kentucky warehouse so that Plaintiff could unload the trailer in a way that did not cause him harm.

31.     That Defendant Saver Group breached its duty and was negligent in that it failed to ensure that there was adequate and sufficient lighting to safely unload the trailer.

32.     That Defendant Saver Group negligently unloaded the trailer and caused boxes to hit Plaintiff and injure him.

33.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe, permanent, and disabling injuries.

34.     As a direct and proximate result of Defendant's negligence, Plaintiff was forced to undergo necessary medical treatment and incur medical expenses in excess of $75,000 and will undergo future medical treatment and incur future medical expenses related to the injuries he suffered.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff was forced to miss time from work, suffer lost wages, and his injuries have diminished his future earning capacity.

36.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered non-economic damages as well.

WHEREFORE, Plaintiff prays judgment against Defendants in a sum in excess of One Hundred Thousand Dollars ($100,000.00) as is fair and reasonable to compensate Plaintiff for injuries, along with court costs incurred in this action, all prejudgment interest and post-judgment interest allowed by law, punitive and exemplar damages, and for such other relief this Court deems just and proper under the circumstances.

LAYTON & SOUTHARD, LLC


By:     /s/Daniel J. Grimm
        Daniel J. Grimm #6289627
        1650 N. Kingshighway, Suite #302
        Cape Girardeau, MO  63701
        (573) 335-3359 – telephone
        (573) 334-0666 – facsimile
        dgrimm@laytonsouthardlaw.com – email

        ***Attorneys for Plaintiff***

And


THE SUMNER LAW GROUP, LLC


By:            /s/ Andrew S. Martin
        Brent A. Sumner, #6295485
        Andrew S. Martin, #6299423
        7777 Bonhomme Ave., Suite 2100
        St. Louis, MO 63105
        (314) 669-0048; (888) 259-7550
        brent@sumnerlawgroup.com
        Andrew@sumnerlawgroup.com

        ***Attorneys for Plaintiff***